UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edwin David,                                                                 Civil No. 04-4055 (PAM/RLE)

                       Plaintiff,

v.                                                                                    **MEMORANDUM AND ORDER**

The Musicland Group, Inc., and
Musicland Retail Incorporated,

                       Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Edwin David filed this action in September 2004, alleging that Defendants The Musicland Group, Inc., and Musicland Retail Incorporated ("Musicland") discriminated against him in violation of 42 U.S.C. § 1981, Title VII, and the Minnesota Human Rights Act. The parties scheduled Plaintiff's deposition for May 10, 2005. Plaintiff failed to appear, claiming a family emergency. The deposition was rescheduled for May 23, 2005, and Plaintiff's counsel, Nichols Kaster & Anderson ("NKA"), informed Plaintiff that if he failed to attend, it would withdraw as his counsel. Plaintiff failed to appear at the scheduled deposition and has failed to provide any explanation for this failure.[1] Discovery in this matter closed on May 27,

---

[1] Defendants also assert that they incurred $161.20 in costs by securing a court reporter for each day of Plaintiff's scheduled deposition. Although the Court acknowledges Plaintiff's apparent disregard for these depositions, the Court nevertheless finds it inappropriate to order Plaintiff to pay such costs.

2005. On June 22, 2005, Magistrate Judge Erickson granted NKA's motion to withdraw as Plaintiff's counsel.

Defendants filed this Motion to Dismiss in June 2005.[2] Defendants seek involuntary dismissal pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). Defendants contend that Plaintiff's failure to appear demonstrates a neglect of and lack of interest in this case, thereby prejudicing Defendants' ability to defend against Plaintiff's allegations. Discovery in this matter has closed, and Defendants contend that they have been unable to ascertain the extent and nature of Plaintiff's claims due to his failure to appear at his deposition.

**DISCUSSION**

Federal Rule of Civil Procedure 37(d) permits the Court to dismiss an action if a party "fails to appear" for a deposition. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). The Court "has wide latitude in imposing sanctions for failure to comply with discovery." Id. Likewise, Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The Court also has discretion to dismiss a case pursuant to Rule 41(b). See, e.g., Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (dismissal by district court pursuant to Rule 41(b) reviewed for abuse of discretion).

Prior to the hearing on NKA's motion to withdraw as counsel, NKA attempted to

---

[2] Plaintiff failed to respond or otherwise notify the Court in response to this Motion. Accordingly, the Court took this Motion off of its oral argument calendar and disposes of it on the papers.

contact Plaintiff. NKA sent a letter to Plaintiff, which notified him of the hearing on the motion to withdraw, as well as his right to appear at that hearing. Plaintiff refused to accept delivery of the letter, and it was returned to NKA. Magistrate Judge Erickson directed NKA to file this unopened returned letter, under seal, with the Clerk. Additionally, Magistrate Judge Erickson ordered the Clerk to send to Plaintiff a copy of his order granting NKA's motion to withdraw, as well as a copy of the Local Rules, and instruct Plaintiff of his obligation to adhere to the Local Rules, the Federal Rules of Civil Procedure, and the directives of the Court. (June 22, 2005, Ord. at 6.) Indeed, Magistrate Judge Erickson's Order specifically references this Motion to Dismiss and the Court's concern surrounding Plaintiff's apparent abandonment of his claims. Regardless of these notifications, Plaintiff has failed to contact the Court, adhere to the directives of the Court, or respond to this Motion. Plaintiff has clearly demonstrated a lack of diligence in pursuing this litigation and an apparent unwillingness to comply with the rules of the Court. Plaintiff's apparent refusal to appear for his depositions warrants dismissal under Rule 37(d), and his refusal to prosecute or comply with the directives of this Court also justify dismissal under Rule 41(b). Accordingly, dismissal is appropriate.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Clerk Doc. No 25) is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: _August 29, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
